UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------------x
JAMES DAVIS,

        *Plaintiff,*                 Case No. 12-

-against-


WELLS FARGO BANK, NA and
HUNT LIEBERT JACOBSON PC,

        *Defendants*.
------------------------------------------------------------------x

## COMPLAINT and JURY DEMAND

COMES NOW JAMES DAVIS (the "Plaintiff"), by and through Mark Stern & Associates, L.L.C., his attorneys, who alleges as follows:

### I.  PRELIMINARY STATEMENT

1.     This is an action at law and in equity for actual, consequential, statutory and punitive damages, costs and attorneys fees by an individual consumer against Defendants Wells Fargo Bank, NA ("WF") and Hunt, Liebert, Jacobson, PC ("HL") for wilful and intentional violations of the Servicemembers Civil Relief Act ("SCRA"), 50app U.S.C. §501, *et seq.*, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), and for ancillary violations of applicable Connecticut State consumer protection and collection laws.

### I.   JURISDICTION

2. The jurisdiction of this Court is based upon 28 U.S.C. §1331, because the matter is brought pursuant to 50app USC §501, et seq., and 15 U.S.C. § 1692k(d).

### II.   VENUE

3. Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this District.

### III.   THE PARTIES

4. Plaintiff is an individual citizen of the State of Maine.

5. Plaintiff, at all times relevant herein, is an active member of the United States Navy.

6. Defendant WF is a national banking company who regularly conducts business within this District.

7. Defendant HL is a Connecticut corporation who conducts business in this District.

8. Defendant HL is a law firm that regularly engages in the prosecution and collection of unpaid mortgages.

9. Plaintiff is informed and believes and thereon alleges that Defendant HL is a "debt collector" within the meaning and intent of the FDCPA.

10. At all times relevant hereto the Defendants acted as the agent of one another, and acted in the course and scope of said agency in the actions alleged herein.

### IV.   FACTS RELEVANT TO ALL COUNTS

11. At all times relevant herein Plaintiff was the owner of a certain single family residence located at 3 Exley Road, in the Town of Plainfield, County of Windham, State of Connecticut (the "Home").

12. In or about April 13, 2006 Plaintiff executed and delivered a Promissory Note and Mortgage in the original principal amount of $288,552 in favor of CTX Mortgage Company, LLC (the "Note" and "Mortgage").

13. At all times relevant hereto the Note and Mortgage were assigned to Defendant WF.

14. In or around March, 1990 until the date hereof Plaintiff was serving on active duty in the US Navy.

15. In or about March 3, 2009, Plaintiff retained HL to commence a foreclosure litigation lawsuit against the Plaintiff.

16. At all times relevant hereto, the Defendants, and each of them had actual and constructive notice of the military status of Plaintiff.

17. In or about March 3, 2009, the foreclosure litigation was commenced in the Superior Court of the State of Connecticut in and for the Judicial District of Windham at Putnam, which action bears Civil Docket Number WWB-CV09-5004294 S (the "Foreclosure").

18. In or about June 17, 2010 Defendants, and each of them, moved for summary judgment in the Foreclosure, which was granted by the Court.

19. In or about July 13, 2010 Defendants, and each of them applied for a judgment of strict foreclosure of the Home, which was granted by the Court, absent an affidavit regarding the status of military service of the Plaintiff.

20. The first law day of strict foreclosure was scheduled by the Court for September 16, 2010.

21. In or about July 26, 2010, upon the granting of the motion for strict foreclosure the Defendants contacted family of the Plaintiff and requested that they voluntarily vacate the

Home in conformance with the judgment and demanded that they leave and vacate no later than September 3, 2010.

22. In or about August 25, 2010, Plaintiff's family (his wife and five minor children) , at the request and demand by the Defendants, vacated the Home, uprooted their family, and move to another state.

23. From and after September 3, 2010 until January 2011, based, *inter alia*, upon the judgment and instruction by Defendants, Plaintiff believed that he no longer owned the house nor had the legal right to occupy, possess or protect the Home.

24. During the months of September, October and November, and later WF exercised, possession, ownership and control of the home by mowing the lawn, winterizing the house, and performing other maintenance chores incidental to such possession, ownership and control.

25. At all relevant times Defendants, and each of them, knew or should have known that Plaintiff was on active duty in the United States Military and deployed to an active foreign forward combat area.

26. Finally, in or about November 15, 2010 Defendants, and each of them, notified the Court that the Plaintiff was on active duty and requested to open the judgement "to comply with its internal requirements."

27. The Court granted this motion.

28. Plaintiff is informed and believes and thereon alleges that WF breached its own internal policies and procedures.

29. Defendants took no other formal action in furtherance of the Foreclosure.

30. Finally, in or about January18, 2011 the Foreclosure was dismissed.

31. Upon receiving notice from the Court that the Foreclosure Case was dismissed, Plaintiff questioned and researched the status of the Home and learned for the first time that the Foreclosure was never completed and that he still owned the Home.

32. At his first opportunity, Plaintiff, or his agents and family, next traveled from Maine to Connecticut to physically examine and inspect the home.

33. Plaintiff learned that all efforts to protect and maintain the Home had been abandoned by WF and the Home had been substantially vandalized and damaged to render the Home now unfit for occupancy.

## V.  CAUSES OF ACTION

### COUNT I -    WILLFUL VIOLATION OF SCRA

34. Plaintiff realleges paragraphs 1 through 32, inclusive and incorporates each and every allegation as though set forth in full hereat.

35. The Defendants, and each of them, wilfully, maliciously and intentionally violated the SCRA.

36. As a direct and proximate result of the violation of said statute, Plaintiff has been damaged in an amount not yet ascertained, but which shall be proven at trial.

37. Furthermore, Plaintiff has incurred attorneys fees to redress the statutory violation and claims statutory penalties and fees.

### COUNT II -  VIOLATION OF CUTPA

38. Plaintiff realleges paragraphs 1 through 36, inclusive and incorporates each and every allegation as though set forth in full hereat.

39.   The acts and trade practices of Defendants, and each of them, are unscrupulous, unfair and deceptive as defined in the Connecticut Unfair Trade Practices Act, CGS §41-110(a), *et. seq.* of the and constitute a violation thereof.

40.   As a direct and proximate result of said statutory violation, Plaintiff has been damaged in an amount not yet ascertained, but which shall be proven at trial.

41.   Plaintiff is entitled to punitive damages against Defendants, jointly and severally in an amount three (3) times the amount of its actual damages, plus interest and attorneys fees thereon.

**COUNT III -**     **VIOLATION OF CONNECTICUT CONSUMER PROTECTION STATUTES AND REGULATIONS**

42.   Plaintiff realleges paragraphs 1 through 40, inclusive and incorporates each and every allegation as though set forth in full hereat.

43.   Defendants, and each of them have obviously violated the provisions of CGS §36a-646 which provides that ... "[N]o creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt.

44.   The actions of the Defendants, and each of them, violated Section 36a-647-5 of the Regulations of the State of Connecticut which prohibits any creditor from engaging in any conduct the natural consequence of which a reasonable person would be abused or harassed in connection with the collection of a debt.

45.   The actions of the Defendants, and each of them, violated Section 36a-647-6 of the Regulations of the State of Connecticut which prohibits the use of any deceptive or

misleading representation, device or practice in connection with the collection of any debt.

46. Defendants actions, and each of them, were conduct in violation of Section 36a-647-5 and 36a-647-6 of the Regulations of the State of Connecticut.

47. Plaintiff has been damaged by said statutory violations in an amount not ascertained, but which shall be proven at trial.

48. CGS §36a-648 provides further for a penalty for the violation of §36a-346, including costs and attorneys fees.

**COUNT IV - VIOLATION OF THE FDCPA (AGAINST DEFENDANT HL ONLY)**

49. Plaintiff realleges paragraphs 1 through 47, inclusive and incorporates each and every allegation as though set forth in full hereat.

50. In violation of 15 U.S.C. §1692d, the Defendant engaged in conduct the natural consequences of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of the debt.

   a. The Defendant, and each of them knew the Plaintiff was on active military duty and deployed to a foreign combat zone;

   b. Despite this knowledge, the Defendants, and each of them proceeded to judgment in violation of SCRA;

   c. Furthermore Defendant fraudulently induced Plaintiff's family to vacate and abandon the Home;

   d. Furthermore, after fraudulently inducing Plaintiff's family to vacate the Home. Defendant failed to properly secure the Home.

51. As a direct and proximate result of the Defendant's wrongful acts described above, the Plaintiff has suffered actual damages, monetary damages, mental anguish, damage to reputation, and humiliation.

52. In addition, the Plaintiff is entitled to statutory damages in such amount up to $1,000.00 for each violation as this court may allow, plus reasonable attorney fees and costs of this action.

### COUNT V - CONNECTION COMMON LAW NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53. Plaintiff realleges paragraphs 1 through 51 inclusive and incorporates each and every allegation as though set forth in full hereat.

54. Defendants, and each of them knew or should have know that its conduct involved an unreasonable risk of causing emotional distress for Plaintiff in light of the financial circumstances.

55. Each Defendant should have known that such emotional distress might result in illness or bodily harm to Plaintiff due to Plaintiff's inability to earn money and make a living.

56. Plaintiff's emotional distress was reasonably foreseeable based on the Defendants' joint and several conduct.

57. By a direct and proximate cause of Defendants' conduct, Plaintiff has suffered loss of ability to obtain credit, pecuniary damages, loss of earning capacity, and loss of reputation, all resulting in monetary damages, the inability to earn money and extreme mental anguish.

58. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered direct, actual and consequential damages in an amount not yet ascertainable, which shall be proven at trial.

## COUNT VII - BREACH OF OBLIGATION OF GOOD FAITH AND FAIR DEALING

59. Plaintiff realleges paragraphs 1 through 57 inclusive and incorporates each and every allegation as though set forth in full hereat.

60. Defendants, and each of them, owed a duty of good faith and fair dealing to Plaintiff.

61. Defendants, and each of them, jointly and individually, breached their duty of good faith and fair dealing with the Plaintiff.

62. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered direct, actual and consequential damages in an amount not yet ascertainable, which shall be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff claims relief as follows:

1. Cancellation of the Note and Mortgage;

2. Actual damages according to proof;

3. Damages as allowed and specified by each Statute;

4. Punitive damages;

5. Interest from the date of each such violation;

6. Reasonable attorneys fees;

7. Costs; and

8. Such other and further relief as the Court deems just and proper;

Respectfully submitted.

THE PLAINTIFF

By:_____/s/Mark Stern_____
Mark Stern, Esq. (CT01701)
Mark Stern & Associates, L.L.C.
PO Box 2129
Norwalk, CT 06852-2129
Juris No.: 419524
Phone: (203) 853-2222
Facsimile: (203) 857-0593
Email: mark@msternlaw.com

## VII. DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of the within action.

        Respectfully submitted.

        THE PLAINTIFF

By: */s/ Mark Stern*
    Mark Stern, Esq. (CT01701)
    Mark Stern & Associates, L.L.C.
    PO Box 2129
    Norwalk, CT 06852-2129
    Juris N.: 419524
    Phone: (203) 853-2222
    Facsimile: (203) 857-0593
    Email: mark@msternlaw.com