UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JAMES DAVIS,<br><br>             Plaintiff,<br><br>v.<br><br>HUNT LEIBERT JACOBSON, P.C. AND<br>WELLS FARGO BANK, N.A.<br><br>             Defendants | CIVIL ACTION NO. 3:12-cv-01102-JBA<br><br><br><br>November 21, 2014 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") respectfully files this memorandum of law in support of its motion for reconsideration of the Court's decision denying its motion to dismiss Count Two of Plaintiff's amended complaint, which seeks to assert a claim for a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). *See* Ruling on Defendants' Motions to Dismiss, Docket No. 44.

To the extent that Plaintiff seeks to hold Wells Fargo liable under the Connecticut Unfair Trade Practices Act ("CUTPA") for the alleged conduct of Hunt Leibert Jacobson, P.C. ("Hunt Leibert"), Hunt Leibert's arguments are equally applicable to Wells Fargo.  Accordingly, Wells Fargo joins in and adopts the briefing and arguments of Hunt Leibert.  *See* Motion for Reconsideration at Docket No. 46.

Additionally, to the extent that Plaintiff seeks to Wells Fargo liable under CUTPA for its own alleged conduct, Wells Fargo asserts that the Connecticut Supreme Court's decision in *Hopkins v. O'Connor*, 282 Conn. 821 (2007) is a controlling authority on the question. The Connecticut Supreme Court reiterated in *Hopkins* its earlier decision in *Chadha v. Charlotte Hungerford Hospital*, 272 Conn. 776 (2005), in which it had found "the absolute immunity afforded participants in judicial and quasi-judicial proceedings [was] . . . dictated by the

underlying purpose of the immunity afforded at common law to those *who provide information in connection with* judicial and quasi-judicial proceedings, namely, that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements . . . ." *Hopkins*, 272 Conn. at 828 (emphasis added) (quoting *Chadha*, 272 Conn. at 786-87).[1] The Connecticut Supreme Court found that "[i]t is well settled" that the grant of absolute immunity, which is afforded on public policy grounds to encourage the free flow of information concerning litigation without fear of being sued for them, (*id*. at 829), very broadly pertains to any "communications uttered or published *in the course of* judicial proceedings . . . s*o long as they are in some way pertinent to the subject of the controversy*." *Id*. at 830-31 (emphasis added).

Litigation is inherently litigious. The Connecticut Supreme Court has made the judgment that the potential chilling effect, just the fear of potentially being sued, for allegedly making false statements within or related to litigation outweighs the harms that are sought to be protected:

> The right of private parties to combine and make presentations to an official meeting and, as a necessary incident thereto, to prepare materials to be presented is a fundamental adjunct to the right of access to judicial and quasi-judicial proceedings. To make such preparations and presentations effective, there must be an open channel of communication between the persons interested and the forum, unchilled by the thought of subsequent judicial action against such participants; provided always, of course, that such preliminary meetings, conduct and activities are directed toward the achievement of the objects of the litigation or other proceedings.

*Id*. at 832 (internal quotation marks omitted).

Thus, the Connecticut Supreme Court held that the absolute privilege is so broad that it "is available when the . . . matter '*has some reference to the subject matter of the proposed or pending litigation, although it need not be strictly relevant to any issue involved in it* . . . ." *Id*. (quoting with approval *McManus v. Sweeney*, 78 Conn. App. 327, 335 (2003); also citing with approval, 3 Restatement (Second), Torts, § 587 ("defining scope of privilege generally as

---

[1] In *Kelley v. Bonney*, 221 Conn. 549, 573-74 (1992), the Connecticut Supreme Court held that the privilege extends to parties as well as their attorneys.

2

follows: '[a] party to a private litigation . . . is absolutely privileged to publish false and defamatory matter of another in communications *preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation to the proceedin*'") (emphasis added).  The privilege is so broad, in fact, that "the scope of privileged communication extends not merely to those made directly to a tribunal, *but also to those preparatory communications that may be directed to the goal of the proceeding*."  *Id*. (emphasis added).

Plaintiffs' CUTPA allegations clearly fall within this broadly protected sphere of absolute immunity.  The Court's decision states that:

> As confirmed at oral argument (Tr. at 42-43), the allegations relevant to the CUTPA count are that Defendants led Mr. Davis to believe that the foreclosure action against him had been dismissed, and once he was deployed, Defendants refused mortgage payments made pursuant to the negotiated agreement and reopened the foreclosure action, continuing anew the foreclosure on his home and forcing his wife and children to leave the premises under threat of ejectment before Wells Fargo had the legal right to seek ejectment[.]

Ruling on Defendants' Motions to Dismiss, Docket No. 44, at 9-10 (citing Am. Compl. ¶¶ 23-31).

Defendants' conduct is alleged to have occurred "in the institution of, or "during" or "in the course of" a judicial proceeding in which Defendants were participating.  Defendants' alleged conduct clearly has "some relation to the proceeding."  And Defendants' conduct was allegedly directed to obtaining one or more goals of the proceeding - obtaining a judgment of foreclosure and an ejectment.  The alleged conduct is thus "in some way pertinent to the subject of the controversy."  Consequently, Plaintiffs' CUTPA claim is barred by absolute immunity.

Dated:  November 21, 2014	Respectfully submitted,

	THE DEFENDANT,
	WELLS FARGO BANK, N.A.,

	By its attorneys,


	  /s/ David M. Bizar
	David M. Bizar (ct20444)
	Seyfarth Shaw LLP
	World Trade Center East
	Two Seaport Lane, Suite 300
	Boston, MA 02210
	Telephone:  (617) 946-4874
	Facsimile:  (617) 790-5368
	Email: dbizar@seyfarth.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 21st day of November, 2014 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on all parties of record. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of electronics Filing. Parties may access this filing through the Court's CM/ECF system.

                 /s/ David M. Bizar
                 David M. Bizar