ELECTRONIC ORDER ON MOTION FOR PROTECTIVE ORDER, FILED 8/6/15 (Dkt. #76) IN <u>DAVIS V. HUNT LEIBERT JACKSON, P.C.</u>, 12 CV 1102 (JBA)

8/10/15 – Under the latest Scheduling Order filed by U.S. District Judge Janet Bond Arterton on February 23, 2015 (Dkt. #69), all discovery is to be completed by September 22, 2015, and after a pre-filing conference to be held on October 13, 2015, all dispositive motions are to be filed by October 22, 2015.

On August 6, 2015, defendant Hunt Leibert Jackson ["defendant HLJ"] filed the pending Motion for Protective Order Regarding Depositions Scheduled for August 12 and 13, 2015 (Dkt. #76), regarding depositions of plaintiff and his wife that were noticed by defendant Wells Fargo Bank N.A. ["defendant Wells Fargo"] for August 12-13, 2015 in Portsmouth, New Hampshire; in this motion, defendant HLJ asks that the depositions be postponed until there has been a ruling on its pending Motion to Compel (Dkt. #75) and plaintiff further has complied with discovery, so that counsel need not be forced to hold continued depositions in New Hampshire with respect to any newly produced documents. The next day, defendant Wells Fargo filed its Response, in which it joins in this motion. (Dkt. #77). This motion has been referred to this Magistrate Judge. (Dkt. #78). In accordance with deadlines set by the Court, on August 10, 2015, plaintiff filed his brief in opposition, with multiple exhibits. (Dkt. #80).

In his brief in opposition, plaintiff represents that after receiving the Notices of Deposition, plaintiff arranged to use his remaining vacation days to attend the deposition, and if the depositions are postponed, he will lose this time. (Dkt. #80, at 2). While plaintiff is correct that there is no requirement under the Federal Rules of Civil Procedure that all discovery responses be received prior to a deposition (<u>id.</u> at 3), that is the usual (and eminently logical) practice, to avoid having to continue, or resume, depositions, after new discovery responses have been received.

However, given that plaintiff has requested, and received, vacation time in order to hold these depositions, and given the health of plaintiff's wife (<u>see id.</u> at 2 & Exhs. E, H), defendant HLJ's Motion for Protective Order (Dkt. #76) is <u>denied</u>. In the event that continued depositions are necessary in order to address new discovery responses after a ruling has been filed on defendant's pending Motion to Compel, counsel can confer as to whether such depositions can be taken by video-conference.