UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES DAVIS,<br>    *Plaintiff*,<br>    *v.*<br>WELLS FARGO BANK, N.A., and<br>HUNT LEIBERT JACOBSON PC<br>    *Defendants*. | Civil No. 3:12cv1102 (JBA)<br><br>February 10, 2016 |

## RULING DENYING PLAINTIFF'S MOTION [# 110]
## FOR LEAVE TO AMEND COMPLAINT

This action filed by Plaintiff James Davis on July 31, 2012, claims violations of federal law (Servicemembers Civil Relief Act ("SCRA"); the Fair Debt Collection Practices Act ("FDCPA")[1]) and Connecticut law (the Connecticut Unfair Trade Practices Act ("CUTPA"); various consumer protection statutes and regulations; negligent infliction of emotional distress; and the duty of good faith and fair dealing[2]) by Defendants Wells Fargo Bank, N.A. ("WF") and Hunt, Leibert, Jacobson, PC ("HL").

Plaintiff seeks [Doc. # 110] leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2) to: (1) correct a scrivener's error, and (2) add an additional cause of action against both Defendants for "breach of modification of contract." For the following reasons, Plaintiff's motion is granted to amend the scrivener's error but denied as to the additional cause of action.

---

[1] Plaintiff also alleged violations of the Fair Debt Collection Practices Act ("FDCPA") in relation to Defendant HL, but this claim was dismissed. (*See* Ruling on Defs' Mot. Dismiss [Doc. # 44] at 14–15.)

[2] This Count now only applies to WF. (*Id.* at 18.)

## I. Procedural History

In accordance with the November 28, 2012 scheduling order [Doc. # 16], Plaintiff's amended complaint [Doc. # 18] was to be filed by December 6, 2012, and Plaintiff complied. Thereafter, Defendants moved to dismiss Plaintiff's claims against them. (HL Mot. Dismiss [Doc. # 19]; WF Mot. Dismiss [Doc. # 20].) On June 25, 2013, the parties sought [Doc. # 28] to stay litigation pending mediation, which was granted [Doc. # 29] but settlement conferences were unsuccessful.

On November 7, 2014, the Court issued its ruling denying HL's motion to dismiss as to Counts One, Two, Three, and Five, and granting it as to Counts Four and Six, and denying WF's motion to dismiss in entirety. The Court subsequently denied [Doc. # 58] Defendants' motions for reconsideration [Doc. ## 46, 47] and granted Defendants' requests for extensions of time to answer Plaintiff's Amended Complaint. Defendants filed Answers on February 10, 2015 (HL Answer [Doc. # 64]) and February 20, 2015 (WF Answer [Doc. # 67]). Discovery was ordered to be completed by September 22, 2015, and summary judgment motions were to be filed by December 21, 2015, with the case deemed trial ready by May 2016. (HL Mot. Summ. J. [Doc. #106]; WF Mot. Summ. J. [Doc. #108].) These summary judgment motions remain pending.

## II. Discussion

Almost three and a half years after commencement of this action and more than two weeks after summary judgment motions were filed in this case, Plaintiff seeks leave to amend his Amended Complaint to add a seventh count for breach of modification of contract, a cause of action that he claims was recently recognized by the Connecticut Appellate court in *CitiMortgage, Inc. v. Rey*, 150 Conn. App. 595 (2014). Plaintiff

2

maintains that leave should be granted because his counsel "has discussed this newly adopted cause of action continuously in connection with all discussions with opposing counsel," no new facts are alleged, and Defendants are already on notice of the cause of action and the events underlying mediation and foreclosure proceedings such that additional discovery will not be required. (Pl.'s Mot. Leave to Amend at 1–2.) Defendant HL opposes Plaintiff's motion as untimely, prejudicial, and futile.

Although Plaintiff urges the Court to grant his motion under the lenient standard of Fed. R. Civ. Pro. 15(a)[3], since the time for filing amended pleadings has long passed, Plaintiff's motion necessarily seeks modification of the scheduling order, and such modification requires good cause. *See* Fed. R. Civ. P. 16(b)(4) ("[A] [court-ordered] schedule may be modified only for good cause and with the judge's consent."). The Second Circuit has stated that "this requirement is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and pleadings will be fixed," and has held that satisfaction of this standard "depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d. Cir. 2000) (internal quotation marks omitted).

In this case, the cause of action that Plaintiff seeks to add was recognized in 2014 in *Citimortgage, Inc.*, and Plaintiff's awareness of this case extends back to November 7, 2014, when this Court discussed it at length in its ruling on Defendants' motions to

---

[3] The Rule provides that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

dismiss. (Ruling on Defs' Mot. Dismiss at 12–13.)[4] Plaintiff offers no explanation for why this cause of action could not have been asserted more than a year ago, and certainly before discovery closed and summary judgment motions were filed, and thus Plaintiff has failed to satisfy Rule 16's diligence requirement. *See Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012) ("Whether 'good cause' exists turns primarily on the 'diligence' of the moving party in seeking to meet the deadline in the scheduling order.").

### III. Conclusion

In light of Plaintiff's failure to make any showing that he was diligent in his efforts to meet the Court-imposed deadlines, the Court concludes that Plaintiff has not met his burden of demonstrating good cause under Rule 16 for this untimely amendment. Therefore, Plaintiff's motion is DENIED with respect to adding a cause of action, and it is GRANTED for the corrective purpose of substituting the term "Plaintiff" with that of "Defendant" in paragraph 15 of the Amended Complaint.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of February 2016.

---

[4] The two out-of-circuit cases that Plaintiff cites are even older than this Court's ruling. *See Wigod v. Wells Fargo Bank N.A.*, 673 F.3d 547 (7th Cir. 2012); *Corvello v. Wells Fargo Bank, N.A.*, 728 F.3d 878 (9th Cir. 2013), *as amended on reh'g in part* (Sept. 23, 2013).