UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES DAVIS,<br>    *Plaintiff*,<br>    *v.*<br>HUNT LEIBERT JACOBSON P.C.<br>and WELLS FARGO BANK, N.A.,<br>    *Defendants*. | Civil No. 3:12cv1102 (JBA)<br><br>June 10, 2016 |

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

Plaintiff James Davis moves [Doc. ## 113, 114] to compel Defendants Hunt Leibert Jacobson P.C. ("Hunt Leibert") and Wells Fargo Bank, N.A. ("Wells Fargo") to produce certain documents he requested during discovery. Oral argument was held on the motions on March 16, 2016. Following the oral argument, the Court issued an Order to Show Cause why Wells Fargo's documents produced for in camera review should not be produced to Plaintiff in the absence of any privilege log from Wells Fargo with respect to these documents. Wells Fargo responded [Doc. # 155] on April 18, 2016. For the following reasons, Plaintiff's Motion to Compel Hunt Leibert is denied and his Motion to Compel Wells Fargo is granted in part and denied in part.

    I.    **Discussion**

        **A.  Motion to Compel Hunt Leibert**

Plaintiff's motion to compel Hunt Leibert appears to argue: (1) that Wells Fargo (as Hunt Leibert's client) cannot claim attorney-client privilege with respect to certain subjects but not others; and (2) Wells Fargo's objections to certain discovery requests directed to Bruce Fair on the grounds that Mr. Fair is not the keeper of records for Hunt Leibert are meritless. The second argument is now moot as Hunt Leibert has represented that counsel

will review its production again and provide Mr. Davis with any documents responsive to his requests, its objections notwithstanding. (*See* Hunt Leibert Opp'n [Doc. # 135] at 4–5.) In support of his first claim (that a party cannot waive the attorney-client privilege only as to particular subject matters), Mr. Davis cites a single (out-of-Circuit) case, *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975), that does not stand for the proposition for which Mr. Davis cites it.[1] Indeed, the Court is aware of no authority to support Mr. Davis's claim.[2] As such, Plaintiff's motion to compel Hunt Leibert is denied.

### B. Motion to Compel Wells Fargo

In his motion to compel Wells Fargo, Plaintiff appears to challenge Defendant's responses to all of his requests for production, with particular emphasis on eighteen requests. As Wells Fargo notes in its opposition [Doc. # 136] however, in so arguing,

---

[1] *Hearn* holds that where a party asserting the attorney-client privilege places information protected by the privilege at issue in the case, the party may be deemed to have impliedly waived the privilege. 68 F.R.D. at 582–83.

[2] Federal Rule of Evidence 502 provides, for example, that when a "disclosure is made in a federal proceeding [which] . . . waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal . . . proceeding only if . . . the disclosed and undisclosed communications or information concern the same subject matter." The implication, of course, is that a party may waive the privilege as to certain subject matter but not as to other subject matter. *See also McLean v. Cont'l Cas. Co.*, No. 95 CIV. 10415 (HB) (HBP), 1996 WL 684209, at *2 (S.D.N.Y. Nov. 25, 1996) ("[W]here, as here, there is no attempt by the proponent of the privilege to use affirmatively a portion of a privileged communication, the extrajudicial waiver of a portion of a privileged communication does not result in a subject matter waiver. Accordingly, although defendants have waived their claim of privilege with respect to the seven documents discussed herein, they remain free to assert the privilege concerning other communications related to the same subject matter.").

2

Plaintiff relies on outdated responses. In Wells Fargo's supplemental responses, dated March 26, 2015, while it maintained its objections to Plaintiff's requests, it additionally represented that it had already produced all documents responsive to Plaintiff's requests (although some of them were produced in redacted form) with respect to all of the requests but numbers 8, 14, 16, 19, 20, 21, 22, 23, 24, and 26. (*See* Wells Fargo Suppl. Resp., Ex. A5 to Pl.'s Mots. Compel [Doc. # 116].) As such, the Court addresses first Defendant's objections as to request numbers 8, 14, 16, 19, 20, 21, 22, 23, 24, and 26, and then Defendant's redaction of certain documents on the ground of attorney-client or work-product privilege.

### 1. Documents Not Produced

Since Plaintiff's filing of his motion to compel, Wells Fargo has withdrawn its objections to request numbers 14, 16, 19, 22, and 24. Request number 26, which seeks "[a]ny and all evidence responsive to FRCP 26a not produced above," is, as Wells Fargo argues, superfluous, as Wells Fargo has a continuing obligation to supplement its discovery responses under Federal Rule of Civil Procedure 26(a), and Plaintiff has identified no relevant documents (not already requested) that have not been produced. That leaves the Court to resolve disputes regarding request numbers 8, 20, 21, and 23.

Request number 8 seeks "[a]ny communication to or from any other credit reporting agency or company (or any affiliate by Defendant), its agents or employees, or on behalf of same with respect to the Loan or Foreclosure." (Feb. 2015 Requests for Prod., Ex. A4 to Pl.'s Mots. to Compel at 2.) Wells Fargo objected on the grounds of relevance, overbreadth, and burden. (*See* Wells Fargo Suppl. Resp. at 7.) Because the Court agrees that

the documents requested do not appear relevant to Plaintiff's claims, Plaintiff's motion to compel is denied as to request number 8.

Request numbers 20 and 21 seek "[a]ny and all policy manuals, memorandum, advice, direction or other writings in which the Defendant details or instructs its employees on how to document and handle loans concerning servicemen on active duty" or "loans insured by the Veterans Administration." (Feb. 2015 Requests for Prod. at 3.) Wells Fargo objected on the grounds of relevance and burden, and additionally argued that the documents "constitute trade secrets or contain confidential or proprietary information." (Wells Fargo Suppl. Resp. at 12.) Although the Federal Rules of Civil Procedure make no provision for objections on the basis of confidentiality absent a protective order (which Wells Fargo has not sought), *see Turick by Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32, 35 (S.D.N.Y. 1988) ("Purported trade secrets and other confidential commercial information enjoy no automatic protection from disclosure."); *see also* Fed. R. Civ. P. 26(c)(1)(G) (permitting a court to grant a protective order for good cause to protect a party from having to disclose "a trade secret or other confidential research, development, or commercial information"), the Court agrees that the documents requested do not appear to be relevant to any of Plaintiff's claims. As such, Plaintiff's motion to compel is denied as to request numbers 20 and 21.

Finally, request number 23 seeks production of the last known home and work addresses and contact information for two potential witnesses. (Feb. 2015 Requests for Prod. at 3.) Defendant objected to this request on relevance grounds (specifically, the individuals identified are Wells Fargo employees and thus any communications to them must be directed to Wells Fargo's counsel). (Wells Fargo Suppl. Resp. at 6.) Since this

4

contact information for possible subpoena purposes is proper, Defendant's objection is overruled. Moreover, the level of employee bears on whether he or she may be contacted only though Defendant's counsel.

### 2. Documents Produced in Redacted Form

The Court now turns to the documents Wells Fargo has produced to Plaintiff in redacted form. Wells Fargo has never produced a privilege log for these documents,[3] and in its response to the Court's order to show cause, it appears to justify its apparently willful decision not to do so on the following bases: (1) Wells Fargo did not withhold any entire documents on privilege grounds, instead redacting portions of documents (*see* Wells Fargo Response Order Show Cause [Doc. # 155] at 2–3); (2) no privilege log was necessary because counsel orally informed Plaintiff's counsel of all of the information that would be contained in such a log (*see id.* at 5–6); (3) the redacted documents provided "more useful and easily processed information than a separate privilege log would have because the redacted entries are displayed in the surrounding, non-privileged context in which they occurred" (*id.* at 7); and (4) "[p]roviding a separate privilege log would have been all burden with no added benefit" (*id.* at 8). Wells Fargo additionally argued that because it has "complied with discovery in good faith and provided all the information to Plaintiff that ordinarily would be included in a privilege log, and more," "if the Court finds that Wells Fargo should have provided Plaintiff a separate privilege log for its redacted log entries, the

---

[3] As discussed above, Hunt Leibert has provided a privilege log, and to the extent the documents Plaintiff seeks are in Hunt Leibert's possession, Wells Fargo relies upon Hunt Leibert's privilege log. However, Wells Fargo has not produced a separate privilege log with respect to documents not in Hunt Leibert's possession.

appropriate remedy is for the Court to issue an order to Wells Fargo to so prepare and serve a privilege log." (*Id.* at 8–9.)

Federal Rule of Civil Procedure 26(b) provides:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). To this, Local Rule of Civil Procedure 26(e) adds:

[W]hen a claim of privilege or work product protection is asserted . . . the party asserting the privilege or protection shall provide the following information in the form of a privilege log: (1) The type of document or electronically stored information; (2) The general subject matter of the document or electronically stored information; (3) The date of the document or electronically stored information; (4) The author of the document or electronically stored information; and (5) Each recipient of the document or electronically stored information.

D. Conn. L. Civ. R. 26(d).

"'[T]he burden is on the party claiming the protection of a privilege to establish those facts that are essential elements of the privileged relationship.'" *Jones v. Midland Funding, LLC*, No. 3:08CV802 (RNC), 2009 WL 3107461, at *2-3 (D. Conn. Sept. 22, 2009) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)). The production of a privilege log is "[a]n essential step" in meeting that burden. *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47 (D. Conn. 2007) (internal quotation marks omitted); *see Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 55 (D. Conn. 2005) ("Preparation of a privilege log is a critical step in discharging one's burden of establishing the existence of a privilege." (internal citations omitted)). The purpose of

6

preparing the privilege log is to enable the Court and the parties "to make an intelligent decision as to whether a privilege . . . exists," *Breon*, 232 F.R.D. at 55, and to "reduce the need for in camera examination of the documents," Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendments. Failure to provide a privilege log "can result in a waiver of the privilege." *Hurst v. F.W. Woolworth Co.*, No. 95 CIV. 6584 (CSH), 1997 WL 61051, at *4 (S.D.N.Y. Feb. 11, 1997); *see Sec. & Exch. Comm'n v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 157 (S.D.N.Y. 2014) (same); *id.* at 167 n.7 ("'Limiting the remedy to the belated preparation of a privilege log effectively tells practitioners they can flout the Court's Rules and incur no sanction other than an order directing compliance with the rules.'" (quoting *PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 93 Civ. 5375 (SAS) (HBP), 96 Civ. 1816 (SAS) (HBP), 1996 WL 525862, at *4 (S.D.N.Y. Sept. 17, 1996))); *Aurora Loan Servs., Inc. v. Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007) ("Failure to furnish an adequate privilege log is grounds for rejecting a claim of attorney client privilege."); *Bove v. The Allied Grp.*, No. 03-CV-5883F, 2004 WL 5902631, at *1 (W.D.N.Y. Oct. 28, 2004) (same); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97CIV4978 (LMM) (HBP), 2000 WL 1538003, at * (S.D.N.Y. Oct. 17, 2000) ("Where a party has completely failed to provide an index of documents withheld on the ground of privilege, a finding of waiver is appropriate.").

   Wells Fargo does not represent that it attempted in good faith, but was unable, to comply with the Federal and Local Rules' requirement that a privilege log be provided. Rather, it asserts that because it withheld only portions of documents and had an oral conversation with opposing counsel about the redacted documents, it was unnecessary for it to provide a privilege log. Not surprisingly, it cites no authority for the novel proposition

7

that a privilege log is not required when privilege is asserted only with respect to redacted portions of documents rather than whole documents,[4] nor any authority for the equally novel proposition that a party need not comply with the Federal and Local Rules if it deems their requirements superfluous. Wells Fargo has had ample opportunity in this four-year old case to produce a privilege log; its failure to do so was willful. As such, the Court finds that Wells Fargo has waived any privilege it might have otherwise asserted with respect to the redacted documents, and Plaintiff's motion to compel is granted as to those documents.

## II.     Conclusion

For the foregoing reasons Plaintiff's Motion [Doc. # 113] to Compel Wells Fargo is GRANTED in part and DENIED in part. Wells Fargo is ordered to produce to Plaintiff non-redacted versions of all redacted documents not listed in Hunt Leibert's privilege log within seven days of the date of this Ruling. Plaintiff's Motion [Doc. # 114] to Compel Hunt Leibert is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of June 2016.

---

[4] Indeed, the Court is aware of no such authority. *See Breon*, 232 F.R.D. at 55 ("Where a document purportedly contains some privileged information . . . [t]he proper procedure . . . is to redact the allegedly privileged communication, and produce the redacted document. The allegedly privileged information then should be described in a properly executed privilege log."); *Zhao v. City of New York*, No. 07 CIV.3636 (LAK) (MHD), 2007 WL 4358470, at *7 (S.D.N.Y. Dec. 5, 2007) (ordering the production of unredacted versions of documents previously produced in redacted form where no privilege log was provided for the redacted documents).